UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **WATER GAP ACQUISITIONS PARTNERS, LLC,** *et al.*, | : |
| | : |
| Plaintiffs | : CIVIL ACTION NO. 3:21-2000 |
| | : |
| v. | : (JUDGE MANNION) |
| | : |
| **SMITHFIELD TOWNSHIP,** *et al.*, | : |
| | : |
| Defendants | : |

**MEMORANDUM**

Before the Court is a motion to stay the present suit filed by Defendants Smithfield Township, Smithfield Township Board of Supervisors, Brian E. Barrett, and Robert Lovenheim (collectively "Township defendants") (Doc. 30). For the reasons that follow, the motion to stay will be **DENIED**.

**I.   BACKGROUND**

Plaintiffs initiated the present action in federal court on November 24, 2021, alleging five counts against the defendants. (Doc. 1). In the complaint, the plaintiffs charge the defendants with (1) violating their Fourteenth Amendment rights pursuant to 42 U.S.C. §1983; (2) violating the Fair Housing Amendments Act pursuant to 42 U.S.C. §3601 *et seq.*; (3) violating

the Americans with Disabilities Act pursuant to 42 U.S.C. §12101 *et seq.*; (4) violating the Rehabilitation Act pursuant to 29 U.S.C. §701 *et seq.*; and (5) they charge the defendants with conspiracy pursuant to 42 U.S.C. §1985(3). (Doc. 1). The underlying dispute arose between the parties after the Township defendants denied the plaintiffs approval to operate the plaintiffs' inpatient residential treatment center on the Township defendants' property. (Doc. 1). Two Commonwealth Court appeals preceded the plaintiff's federal Complaint and are on-going at this time. (Doc. 30).

On March 11, 2022, the Township defendants filed the present motion to stay (Doc. 30), along with a brief in support (Doc. 31). The plaintiffs filed a timely brief in opposition to the motion to stay (Doc. 33).

## II.   DISCUSSION

"In the main, federal courts are obliged to decide cases within the scope of federal jurisdiction. Abstention is not in order simply because a pending state-court proceeding involves the same subject matter." Sprint Communications, Inc. v. Jacobs, 571 U.S. 69, 72 (2013). However, "A federal district court has discretion to abstain from exercising jurisdiction over a particular claim where resolution of that claim in federal court would offend principles of comity by interfering with an ongoing state proceeding."

Addiction Specialists, Inc. v. Township of Hampton, 411 F.3d 399, 408 (3d Cir. 2005) (citing Younger v. Harris, 401 U.S. 37, 91 S. Ct. 746 (1971)).

Motions to stay based on parallel, ongoing state proceedings are governed by the Younger doctrine found in Younger v. Harris, supra. The doctrine is limited to, and abstention by a federal district court is permitted in, only "exceptional" circumstances where the parallel, state court proceeding involves (1) a criminal prosecution, (2) civil enforcements that is quasi-criminal in nature, or (3) are "'civil proceedings involving certain orders that are uniquely in furtherance of the state courts' ability to perform their judicial functions.'" Sprint Communications, Inc., 571 U.S. at 73 (quoting New Orleans Public Service, Inc. v. Council of City of New Orleans, 491 U.S. 350, 367-68 (1989)). The state court proceeding must fall within one of these three categories to proceed with a motion to stay. Id.

Should the underlying proceedings be one of these three categories, then the Younger doctrine permits abstention where the following three requirements are satisfied: (1) there are ongoing state proceedings that are judicial in nature; (2) the state proceedings implicate important state interests; and (3) there is adequate opportunity in the state proceedings raise the federal claims. See Middlesex County Ethics Committee v. Garden Bar Ass'n, 457 U.S. 423, 432 (1982). However, abstention remains "'the

exception, not the rule'" and should only constitute "'an extraordinary and narrow exception to the duty of a District Court to adjudicate a controversy properly before it.'" Gwynedd Properties, Inc. v. Lower Gwynedd Township, 970 F.2d 1195, 1199 (3d Cir. 1992) (quoting Colorado River Water Conservation Dist. v. United States, 424 U.S. 800, 813 (1976)).

In their brief in support of the motion (Doc. 31), the Township defendants state that their case is akin to a civil enforcement matter (the second Sprint category) because (1) the Commonwealth Court made post investigative determinations of the detriment the proposed use of the property might be to the community (which they say is akin to the enforcement of obscenity laws), (2) the hearings that were conducted into the conditional use permit are similar to licensing hearings, (3) the use permit required a hearing, evidence, and a determination, and (4) the appeal by the neighbors and other concerned citizens are similar to evidence being used to make a determination in a quasi-criminal manner. (Doc. 31).

In order to assess if an underlying civil proceeding is quasi-criminal in nature, the Court considers whether:

> (1) the action was commenced by the State in its sovereign capacity, (2) the proceeding was initiated to sanction the federal plaintiff for some wrongful act, and (3) there are other similarities to criminal actions, such as a preliminary investigation that culminated with the filing of formal charges. . . . We also consider whether the State could have alternatively sought to enforce a parallel criminal statute.

ACRA Turf Club, LLC v. Zanzuccki, 748 F.3d 127, 138 (3d Cir. 2014) (citing Sprint Communications, Inc., 571 U.S. at 79-80).

In PDX North, Inc. v. Commissioner New Jersey Department of Labor and Workforce Development, 978 F.3d 871 (3d Cir. 2020), the state of New Jersey commenced state administrative proceedings against PDX North for failing to pay unemployment compensation taxes. In response, PDX North appealed the administrative decision and sued in federal court. Id. at 877. The Third Circuit Court of Appeals applied the ACRA Turf Club, LLC factors and determined that the administrative proceeding in state court was quasi-criminal in nature. Id. at 884. First, the Third Circuit found that the underlying state court appeal constituted a state administrative action because it was commenced by the state of New Jersey "in its sovereign capacity." Id. at 883. Second, the Third Circuit determined the underlying action sought to punish the PDX for wrongful conduct because New Jersey brought sanctions against PDX. Id. at 883-84; see ACRA Turf Club, LLC, 748 F.3d at 140 (describing sanctions as inherently retributive in nature and are used to punish the sanctioned party). Third, the Third Circuit determined that there was a "criminal analog" within the civil action because PDX could be subject to criminal proceedings for their alleged conduct. Id. at 884.

The present motion before this Court is different from PDX North, Inc. in several respects that render the underlying civil action in state court here not quasi-criminal. First, the appeals were commenced by private parties seeking damages against other private parties. See (Doc. 1). The Commonwealth Court making post-investigation findings fails to rise to the level of the Commonwealth proceeding in its sovereign capacity. See PDX North, Inc., 978 F.3d at 883.

Second, the nature of the case here is different than the case in PDX North, Inc. In that case, the Third Circuit focused almost exclusively on the nature of civil enforcement against PDX (through sanctions and penalties) and they determined that New Jersey was punishing PDX's failure to pay unemployment taxes. Id. at 884. Here, neither party has filed, nor has the capacity to file, sanctions against the other party. See (Doc. 33). While the plaintiffs here are no doubt alleging that the defendants committed a wrongful act, suing for damages based on a wrongful act falls short of "sanctioning" them. See ACRA Turf Club, LLC, 748 F.3d at 138.

Third, the argument that the Township defendants make to point out the similarities between the civil proceeding and a criminal proceeding falls short of the possible fines and imprisonment seen in PDX North, Inc., 978 F.3d at 884. The Township defendants argue that there are some similarities

between the proceedings (such as there being hearings, evidence, and a determination). (Doc. 31). However, merely pointing out the similarities between what constitutes a civil and criminal proceeding, without more, is insufficient to show that a civil proceeding is quasi-criminal in nature. See Sprint Communications, Inc., 571 U.S. at 80.

> [The parallel state court proceeding] does not resemble the state enforcement actions this Court has found appropriate for Younger abstention. It is not "akin to a criminal prosecution." Nor was it initiated by "the State in its sovereign capacity." A private corporation, Sprint, initiated the action. No state authority conducted an investigation into Sprint's activities, and no state actor lodged a formal complaint against Sprint.

Id. (quoting Huffman v Pursue, Ltd., 420 U.S. 592, 604 (1975); Trainor v. Hernandez, 431 U.S. 434, 444 (1977)).

Therefore, the Township defendants are unable to meet the gatekeeping requirement found in Sprint in order to proceed with their motion to stay. On these grounds alone, the motion will be denied.

### III.  CONCLUSION

For the reasons stated above, the Defendants' motion to stay will be **DENIED**.

- 8 -

An appropriate Order will issue.

*s/ Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**DATE: August 23, 2022**
21-2000-01